UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHARON SIMMONS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:09-CV-1181-B** |
| | § | |
| **LOCAL 565 AIR TRANSPORT DIVISION TRANSPORT WORKERS UNION OF AMERICA AFL-CIO and TRANSPORT WORKERS UNION OF AMERICA AFL-CIO,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants TWU International and TWU Local 565's Motion to Dismiss (doc. 20). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 20).

## I.

## BACKGROUND[1]

This action arises out of Plaintiff Sharon Simmons's ("Simmons") employment with American Airlines and related union membership in Defendant Local 565, Air Transport Division, Transport Workers Union of America AFL-CIO ("Local 565") and Defendant Transport Workers Union of America AFL-CIO ("TWU") (collectively the "Defendants"). In March 2007, American Airlines began investigating irregularities in several employees' withdrawals from their 401(k)

[1]The Court takes its factual account from the allegations contained in the Original Petition (doc. 3). *See D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985).

accounts. (Original Pet. ¶ 9.) The investigation uncovered questions regarding documentation Simmons submitted in order to receive a hardship withdrawal from her 401(k) account. (*Id.* at ¶ 10.) Accordingly, American Airlines ordered Simmons to attend a "29(f) meeting"[2] regarding her questionable actions. (*Id.* at ¶ 11.) Pursuant to the Bylaws and Constitution of Local 565, the local union of which Simmons was a member, Simmons was advised to have a union representative present for the meeting. (*Id.* at ¶ 12.)

On March 22, 2007, Simmons and her Local 565 union representative participated in a 29(f) meeting with American Airlines. (*Id.* at ¶ 13.) During the meeting, the union representative advised Simmons not to answer certain questions. (*Id.* at ¶ 14.) Simmons followed such advice, and the meeting concluded with the investigation remaining open. (*Id.*)

On March 23, 2007, Simmons and her union representative engaged in a second meeting with American Airlines. (*Id.* at ¶ 16.) The union representative again advised Simmons not to answer certain questions, and Simmons followed such advice. (*Id.*) Following the second meeting, Simmons was withheld from service without pay pending the outcome of the investigation. (*Id.* at ¶ 17.)

On March 27, 2007, Simmons and her union representative participated in a third meeting with American Airlines. (*Id.* at ¶ 19.) American Airlines requested Simmons provide additional documentation during this meeting. (*Id.* at ¶ 18.) Per the advice of her union representative, Simmons provided the requested documentation but did not allow American Airlines to keep the

---

[2] A "29(f) meeting" appears to be a type of disciplinary meeting provided for by Section 29(f) of the collective bargaining agreement existing between American Airlines and its employees. (*See* Def. TWU International and TWU Local 565's Mot. To Dismiss 2.)

documentation following the meeting's conclusion. (*Id.* at ¶ 19.) Additionally, Simmons refused to answer certain questions. (*Id.*)

Following the third meeting, American Airlines terminated Simmons due to her apparent insubordination. (*Id.* at ¶ 20.) In response, Simmons filed a grievance with Local 565 on April 4, 2007. (*Id.* at ¶ 21.) Subsequently, Simmons received a letter from Local 565 indicating it had been decided her grievance would be withdrawn and considered closed and final. (*Id.* at ¶ 22.) Simmons appealed Local 565's decision to TWU, the international union organization, and her appeal was forwarded to TWU's International Committee on Appeals. (*Id.* at ¶¶ 23-24.) Simmons contends TWU failed to follow proper procedure in handling her appeal. (*Id.* at ¶ 24.)

Simmons filed suit against Local 565 and TWU in Texas state court on April 2, 2009. The Defendants removed the action to this Court on June 23, 2009. In her Original Petition, Simmons asserts a claim for breach of contract against Local 565, and claims for breach of fiduciary duties, conspiracy to commit breach of fiduciary duties, and assisting and encouraging against both Defendants. On December 23, 2009, Local 565 and TWU filed the instant Motion to Dismiss seeking to dismiss Simmons's claims under Federal Rule of Civil Procedure 12(b)(6). Having considered the Motion[3] and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

### A. Motions to Dismiss Under Rule 12(b)(6)

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal

[3]The Court notes Simmons has failed to file any response to Defendants' Motion to Dismiss.

Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 147 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain a short, plain statement of the claim demonstrating the pleader's right to relief. Such an adequately stated claim may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a complaint must allege facts that, when accepted as true, state a plausible claim for relief. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B. The Railway Labor Act**

1. Claims in General

The Railway Labor Act ("RLA") governs employment relations in the airline industry, including those between employees and employee unions. *See* 45 U.S.C. § 181. Under the RLA, because a union serves as the employees' exclusive bargaining representative, it maintains a statutory duty to fairly represent all those covered employees both in its collective bargaining with an employer and in its enforcement of a resulting collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171,

177 (1967); *see Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 204 (1944). A breach of this statutory duty of fair representation "occurs only when a union's conduct toward a member of the collective-bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. The Fifth Circuit has held that this federal duty of fair representation preempts state law. *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1166 (5th Cir. 1989). Thus, any state law claims against a union will be preempted if it is alleged the union breached a duty that arose from its duty as exclusive collective bargaining agent. *Id*; *see Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 343 (5th Cir. 2007).

Additionally under the RLA, "[i]t has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). Asserting such a claim ordinarily requires an employee to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *Id*. at 163-64. However, the Supreme Court has recognized that such a requirement works an injustice if the union representing the employee in the grievance/arbitration breaches its duty of fair representation. *Id*. "In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id*. Known as a "hybrid claim," the employee essentially asserts "joint claims of breach of [the] duty of fair representation against the union and breach of contract against the employer." *Brock v. Republic Airlines, Inc.*, 776 F.2d 523, 525 (5th Cir. 1985). To prevail on a hybrid claim against the employer or the union, a plaintiff must show he was terminated in violation of the collective bargaining agreement and that the union breached its duty of fair representation. *DelCostello*, 462 U.S. at 165. In such suits against an employer for violations of the collective

bargaining agreement, the RLA preempts state law only if a state law claim is dependent on an interpretation of the collective bargaining agreement at play. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260-63 (1994).

2. The Applicable Statute of Limitations

A mere duty of fair representation claim, asserted solely against a union, is subject to a six month statute of limitations. *Richardson*, 864 F.2d at 1167; *see also Brock*, 776 F.2d at 525-26 ("Because the duty of fair representation under the Railway Labor Act is identical to the duty of fair representation under the National Labor Relations Act . . . six circuit courts have ruled that the six-month statute of limitations in § 10(b) of the National Labor Relations Act also controls duty of fair representation claims . . . brought under the Railway Labor Act."). Hybrid claims brought under the RLA are similarly subject to a six month statute of limitations. *Brock*, 776 F.2d at 526; *see Delcostello*, 462 U.S. at 165. For purposes of such limitations, a cause of action is deemed to have accrued under either a duty of fair representation claim or a hybrid claim when the union member knew or reasonably should have known that a breach occurred. *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989); *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 98 (5th Cir. 1992).

## III.

## ANALYSIS

Defendants move to dismiss Plaintiffs claims under Rule 12(b)(6) as time-barred by the applicable statute of limitations and for Simmons's failure to plead sufficient facts upon which relief can be granted. (*See generally* Defs. TWU International and TWU Local 565's Br. In Supp. Of Mot. To Dismiss.) However, Defendants' arguments assume Simmons' claims constitute either federal duty of fair representation claims or hybrid claims. As such, the Court will first determine whether

Simmons's claims are, in fact, preempted by federal law and must be construed as federal claims. The Court will then turn to the merits of the Defendants' Motion.

**A. Federal Preemption of Simmons's Claims**

Defendants argue that Simmons's claims constitute either duty of fair representation claims or hybrid claims under the RLA.[4] (*See generally* Defs. TWU International and TWU Local 565's Br. In Supp. Of Mot. To Dismiss.) The federal duty of fair representation preempts any state law claims against a union if it is alleged a union breached a duty that arose from its duty as exclusive collective bargaining agent. *Richardson*, 864 F.2d at 1166. Further, in suits brought against an employer for violations of a collective bargaining agreement, the RLA preempts state late only if the state law claim is dependent on an interpretation of the collective bargaining agreement at play. *Hawaiian Airlines*, 512 U.S. at 260-63. In her Original Petition, Simmons alleges Local 565 violated its duties by inadequately representing her during her 29(f) meetings and failing to properly investigate her grievance. (Original Pet. ¶¶ 26-30.) Further, Simmons alleges TWU violated its duties by failing to "acknowledge and properly handle [Simmons's] grievance appeal." (*Id*. at ¶¶ 31-32.) Simmons additionally alleges Local 565 and TWU conspired with each other to materially misrepresent the arbitration process and assisted and encouraged TWU to improperly handle her grievance appeal. (*Id*. at ¶¶ 33-36, 38.) Simmons's claims all pertain to Local 565 and TWU's violations of duties arising as exclusive collective bargaining agents. Accordingly, the Court finds Simmons' state law

[4]Defendants speculate that Simmons's claims actually constitute hybrid claims, despite the fact American Airlines was not included as a defendant, because Simmons's "complaint centers on the grievance proceedings stemming from her termination, and involves the interpretation of the CBA, Articles 29, 31, and 32." (Defs. TWU International and TWU Local 565's Br. In Supp. Of Mot. To Dismiss 7.) However, Defendants note their arguments regarding dismissal stand regardless of whether Simmons's claims are construed as duty of fair representation or hybrid claims. (*Id*. at 7-8.)

claims are preempted by the RLA and the Court will construe them as duty of fair representation claims in analyzing Defendants' Motion to Dismiss.[5] *See Richardson*, 864 F.2d at 1170 (affirming a district court's dismissal of plaintiff's claims as time barred based on the district court's interpretation of plaintiff's state law claims as federal duty of fair representation claims).

**B. Defendants' Motion to Dismiss**

Defendants contend Simmons's claims should be dismissed because they are barred by the applicable statute of limitations. (Def. TWU International and TWU Local 565's Br. In Supp. Of Mot. To Dismiss 6.) Specifically, Defendants argue that Simmons's duty of fair representation claims are subject to a six month statute of limitations. (*Id.*) Further, Defendants contend Simmons has failed to plead sufficient facts to support a claim for a breach of the duty of fair representation. (*Id.* at 9-13.)

The Court begins by determining whether Simmons's claims are barred by an applicable statute of limitations. While the statute of limitations is an affirmative defense, the Court may dismiss a claim under Rule 12(b)(6) if such affirmative defense "appears on the face of the complaint." *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). In her Original Petition, Simmons alleges Local 565 breached its duty by failing to provide Simmons with adequate representation during her 29(f) meetings, by failing to adequately investigate her grievance, and by inappropriately voting to close her grievance. (*See* Original Pet. ¶¶ 26-39.) Further, Simmons alleges TWU breached its duty by failing to acknowledge and properly handle

---

[5]Because Simmons's claims appear to focus on the Defendant's failure to abide by their duties as exlusive bargaining agent, the Court finds Simmons's claims more appropriately constitute duty of fair representation claims as opposed to hybrid claims.

Simmons' grievance appeal. (*See id.*) The statute of limitations for a duty of fair representation claim begins to run when the union member knew or reasonably should have known that a breach occurred. *Barrett*, 868 F.2d at 171; *Wood*, 958 F.2d at 98. Simmons knew or reasonably should have known of Local 565's breach upon receipt of the letter from Local 565 indicating that her grievance was withdrawn and closed. (*See* Original Pet. ¶ 22.) Simmons knew or reasonably should have known of TWU's breach at some time after filing the appeal of her grievance. (*See* Original Pet. ¶¶ 23-24.) Simmons's Original Petition does not provide a specific date for either of these occurrences. As such, the Court finds the statute of limitations affirmative defense does not appear on the face of the Complaint.[6] Accordingly, the Court finds Simmons's claims should not be dismissed under Rule 12(b)(6) as time barred by the statute of limitations.

The Court next turns to whether Simmons has adequately alleged facts supporting a claim for a violation of the duty of fair representation. A union breaches its statutory duty of fair

---

[6]The Court notes Defendants argue the date Simmons received the correspondence denying her claim can be established by reference to the letter itself. (*See* Defs. TWU International and TWU Local 565 Br. In Supp. Of Mot. To Dismiss 3 n.2, 8.) Defendants contend the Court may consider a copy of such letter because it is referenced in the Original Petition. (*See id.* at 3 n.2 (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).) The Court notes such letter may be referenced in and central to the Original Petition, however, neither Party has provided the Court with a copy of such correspondence for review. Accordingly, the Court cannot consider it in its evaluation of Defendants' Motion to Dismiss and a date has not been effectively established as to when Simmons received the letter denying her grievance. Further, Defendants contend the date of Simmons's appeal can be determined per the timeliness provisions of Local 565's Constitution and Bylaws. (*Id.* at 4, 8-9.) Defendants argue the Constitution and Bylaws require an appeal to be timely filed within 30 days, thus, taking Simmons's allegations her appeal was timely filed to be true, Simmons appeal would have to have been filed no later July 27, 2007 - 30 days after the date of the letter denying her grievance. (*Id.* at 4.) The Court finds this argument similarly relies on the date of the letter denying Simmons's grievance. Again, because the Court has not been able to review such correspondence, the argument as to the date of the appeal must similarly fail. *See Lemmer v. Nu-Kote Holding, Inc.*, No. CIV A 398CV0161L, 2001 WL 1112577, at * 1 n.1 (N.D. Tex. Sept. 6, 2001) ("Defendants have *submitted various papers* which the court can consider in ruling on a motion to dismiss, without converting the motion into one for summary judgment.") (emphasis added).

representation when its "conduct toward a member of the collective-bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. In her Original Petition, Simmons alleges that Local 565 provided her with inadequate representation during her 29(f) meeting because her union representative advised her not to answer certain questions and not to provide certain documentation. (Original Pet. ¶¶ 14, 16, 19.) Further, Simmons alleges Local 565 failed to adequately investigate her grievance and allowed questionable personnel to vote upon its closure, specifically the same union representative who represented her in her 29(f) meetings and a union officer who had engaged in similarly questionable 401(k) related conduct. (*Id.* at ¶¶ 22, 29-30.) Simmons alleges TWU failed to properly handle her grievance appeal. (*Id.* at ¶¶ 23-24, 31.) Further, Simmons alleges both Local 565 and TWU materially misrepresented the arbitration process and denied Simmons the opportunity to proceed to arbitration despite allowing another individual lodging identical complaints against American Airlines to arbitrate his claims. (*Id.* at ¶¶ 32, 34-35.) The court finds such allegations contain facts that could plausibly show the Defendant acted arbitrarily, in a discriminatory manner, and/or in bad faith. As such, the Court finds Defendants' Motion to dismiss Simmons's claims under Rule 12(b)(6) should be **DENIED**.

## IV.

## CONCLUSION

The Court finds Simmons's has satisfied the requisite pleading standards in asserting claims for a breach of the duty of fair representation against Defendants. Accordingly, the Court finds Defendants' Motion to dismiss Simmons's claims under Rule 12(b)(6) should be and hereby is

**DENIED** (doc. 20).[7]

**SO ORDERED.**

**DATED June 16, 2010**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

[7] In accordance with this ruling, the Court finds Defendants TWU International and TWU Local 565's Renewed Motion to Dismiss and Motion for Continuance of Deadlines should be and hereby is **GRANTED in part** and **DENIED in part** (doc. 21). To the extent such Motion renews Defendants' Motion to Dismiss, the Motion is **DENIED as moot**. However, to the extent the Motion seeks a continuance of deadlines, the Motion is **GRANTED**. The Court will enter an amended scheduling order reflecting such continued deadlines.