# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SHARON SIMMONS, §
§
    Plaintiff, §
§
v. § CIVIL ACTION NO. 3:09-CV-1181-B
§
LOCAL 565 AIR TRANSPORT §
DIVISION TRANSPORT WORKERS §
UNION OF AMERICA AFL-CIO and §
TRANSPORT WORKERS UNION §
OF AMERICA AFL-CIO, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment(doc. 26).   For the reasons

stated below, the Court finds that the Motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND[1]

This action arises out of Plaintiff Sharon Simmons' ("Simmons") employment with American

Airlines and related union membership in Defendant Local 565, Air Transport Division, Transport

Workers Union of America AFL-CIO ("Local 565") and Defendant Transport Workers Union of

America AFL-CIO ("TWU") (collectively the "Defendants").  In March 2007, American Airlines

began investigating irregularities in several employees' withdrawals from their 401(k) accounts.

(Original Pet. ¶ 9).  The investigation uncovered questions regarding documentation Simmons

---

[1]The Court takes its factual account from those uncontested factual allegations contained in the parties' papers and pleadings.  Any contested fact is identified as the allegation of a particular party.

submitted in order to receive a hardship withdrawal from her 401(k) account. (*Id.* at ¶ 10).

Accordingly, American Airlines ordered Simmons to attend a "29(f) meeting"[2] regarding her questionable actions. (*Id.* at ¶ 11). Pursuant to the Bylaws and Constitution of Local 565, the local union of which Simmons was a member, Simmons was advised to have a union representative present for the meeting. (*Id.* at ¶ 12).

On March 22, 2007, Simmons and her Local 565 union representative participated in a 29(f) meeting with American Airlines. (*Id.* at ¶ 13). During the meeting, the union representative advised Simmons not to answer certain questions. (*Id.* at ¶ 14). Simmons followed such advice, and the meeting concluded with the investigation remaining open. (*Id.*).

On March 23, 2007, Simmons and her union representative engaged in a second meeting with American Airlines. (*Id.* at ¶ 16). The union representative again advised Simmons not to answer certain questions, and Simmons followed such advice. (*Id.*). Following the second meeting, Simmons was withheld from service without pay pending the outcome of the investigation. (*Id.* at ¶ 17).

On March 27, 2007, Simmons and her union representative participated in a third meeting with American Airlines. (*Id.* at ¶ 19). American Airlines requested Simmons provide additional documentation during this meeting. (*Id.* at ¶ 18). Per the advice of her union representative, Simmons provided the requested documentation but did not allow American Airlines to keep the

---

[2]A "29(f) meeting" appears to be a type of disciplinary meeting provided for by Section 29(f) of the collective bargaining agreement existing between American Airlines and its employees. (*See* Def. TWU International and TWU Local 565's Mot. To Dismiss 2.)

documentation following the meeting's conclusion. (*Id*. at ¶ 19). Additionally, Simmons refused to answer certain questions. (*Id*.).

Following the third meeting, American Airlines terminated Simmons due to her apparent insubordination. (*Id*. at ¶ 20.). In response, Simmons filed a grievance with Local 565 on April 4, 2007. (*Id*. at ¶ 21). Subsequently, Simmons received a letter from Local 565 indicating it had been decided her grievance would be withdrawn and considered closed and final. (*Id*. at ¶ 22). Simmons appealed Local 565's decision to TWU, the international union organization, and her appeal was forwarded to TWU's International Committee on Appeals. (*Id*. at ¶¶ 23-24). Simmons contends TWU failed to follow proper procedure in handling her appeal. (*Id*. at ¶ 24).

Simmons filed suit against Local 565 and TWU in Texas state court on April 2, 2009. The Defendants removed the action to this Court on June 23, 2009. In her Original Petition, Simmons asserts a claim for breach of contract against Local 565, and claims for breach of fiduciary duties, conspiracy to commit breach of fiduciary duties, and assisting and encouraging against both Defendants. On August 23, 2010, Local 565 and TWU filed the instant Motion for Summary Judgement, arguing that Simmons' claims are foreclosed because Simmons failed to file suit before the applicable statute of limitations had run. Having considered the Motion[3] and the relevant law, the Court now turns to the merits of its decision.

---

[3]The Court notes Simmons has failed to file any response to Defendants' Motion for Summary Judgment, just as she failed to respond to Defendants' Motion to Dismiss (doc. 20), which was denied on June 16, 2006.

# II.

## LEGAL STANDARD

A.    *Summary Judgment*

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  Accordingly, Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The substantive law governing a matter determines which facts are material to a case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists.  *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990).  However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case.  *Id*.  When the movant bears the burden of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements."  *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 35 F.3d 409, 412 (5th Cir. 2003)).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325).

Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Little*, 37 F.3d at 1075. However, the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

        B.     *The Railway Labor Act*

        i.     <u>Claims in General</u>

The Railway Labor Act ("RLA") governs employment relations in the airline industry, including those between employees and employee unions. *See* 45 U.S.C. § 181. Under the RLA, because a union serves as the employees' exclusive bargaining representative, it maintains a statutory duty to fairly represent all those covered employees both in its collective bargaining with an employer and in its enforcement of a resulting collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *see Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 204 (1944). A breach of this statutory duty of fair representation "occurs only when a union's conduct toward a member of the collective-bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. The Fifth Circuit has held that this federal duty of fair representation preempts state law. *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1166 (5th Cir. 1989). Thus, any state law claims against a union will be preempted if it is alleged the union breached a duty that arose from its duty as exclusive collective bargaining agent. *Id*; *see Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 343 (5th Cir. 2007).

Additionally under the RLA, "[i]t has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). Asserting such a claim ordinarily requires an employee to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *Id.* at 163-64. However, the Supreme Court has recognized that such a requirement works an injustice if the union representing the employee in the grievance/arbitration breaches its duty of fair representation. *Id.* "In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.* Known as a "hybrid claim," the employee essentially asserts "joint claims of breach of [the] duty of fair representation against the union and breach of contract against the employer." *Brock v. Republic Airlines, Inc.*, 776 F.2d 523, 525 (5th Cir. 1985). To prevail on a hybrid claim against the employer or the union, a plaintiff must show he was terminated in violation of the collective bargaining agreement and that the union breached its duty of fair representation. *DelCostello*, 462 U.S. at 165. In such suits against an employer for violations of the collective bargaining agreement, the RLA preempts state law only if a state law claim is dependent on an interpretation of the collective bargaining agreement at play. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260-63 (1994).

  ii.  The Applicable Statute of Limitations

A mere duty of fair representation claim, asserted solely against a union, is subject to a six month statute of limitations. *Richardson*, 864 F.2d at 1167; *see also Brock*, 776 F.2d at 525-26 ("Because the duty of fair representation under the Railway Labor Act is identical to the duty of fair representation under the National Labor Relations Act . . . six circuit courts have ruled that the six-

month statute of limitations in § 10(b) of the National Labor Relations Act also controls duty of fair representation claims . . . brought under the Railway Labor Act."). Hybrid claims brought under the RLA are similarly subject to a six month statute of limitations. *Brock*, 776 F.2d at 526; *see Delcostello*, 462 U.S. at 165. For purposes of such limitations, a cause of action is deemed to have accrued under either a duty of fair representation claim or a hybrid claim when the union member knew or reasonably should have known that a breach occurred. *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989); *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 98 (5th Cir. 1992).

## III.

## ANALYSIS

The Court has already found that Simmons' state-law claims are preempted by the RLA and should be construed as duty of fair representation claims. (Mem. Op. & Order 7-8 (doc. 22)). Thus, the only issue presently before the Court is whether Defendants have "establish[ed] beyond dispute" all of the essential elements of their statute of limitations defense. *See Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 35 F.3d 409, 412 (5th Cir. 2003)).

The statute of limitations for a duty of fair representation claim begins to run when the union member knew or reasonably should have known that a breach occurred. *Barrett*, 868 F.2d at 171; *Wood*, 958 F.2d at 98. Simmons knew or reasonably should have known of Local 565's breach upon receipt of the letter from Local 565 indicating that her grievance was withdrawn and closed. (Mem. Op. & Order 9 (doc. 22); *see* Original Pet. ¶ 22) Simmons knew or reasonably should have known of TWU's breach at some time after filing the appeal of her grievance. (Mem. Op. & Order 9 (doc. 22); *see* Original Pet. ¶¶ 23-24).

On June 18, 2010, Defendant TWU sent Simmons' counsel its Requests for Admissions. (Defs.' Mot Summ. J. App. 6, 22-24). Counsel for Simmons sought and received an extension for filing Answers to the Requests for Admissions. (*Id.* at App. 4). Counsel for Simmons never responded. (*Id.* at 6). Under Rule 36 of the Federal Rules of Civil Procedure, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). The parties stipulated to a deadline for responding of August 3, 2010. (Defs.' Mot Summ. J. App. 4). To date, Simmons' counsel has never answered the Requests for Admissions. (*Id.* at 6). Because of Simmons' failure to respond, the following Requests are deemed admitted for purposes of summary judgment:

1. That she "knew or should have known about the facts underlying [her] duty of fair representation claim against TWU and Local 565 more than six months before filing this lawsuit. (*Id.* at App. 23).

2. That she "received the letter from Local 565 indicating that [her] grievance was withdrawn and closed over one year before filing this lawsuit. (*Id.*).

3. That she "filed the appeal of Local 565's decision to close [her] grievance to TWU over one year before filing this lawsuit." (*Id.*).

4. That she "knew or should have known that Local 565 was withdrawing and closing [her] grievance over six months before [she] filed this lawsuit." (*Id.*).

5. That she "knew or should have known of the facts underlying [her] allegation that TWU did not "properly process" [her] appeal over six months before filing this lawsuit." (*Id.*).

On the basis of these facts, Defendants "establish[ed] beyond dispute" that over six months elapsed between the time Simmons knew or should have known of her claims against the Defendants

and the time Simmons actually filed the lawsuit. Accordingly, there is no basis upon which Simmons

may be granted relief, and Defendants' Motion for Summary Judgment is **GRANTED**.

## IV.

## CONCLUSION

Because Defendants have established beyond dispute that the statute of limitations under

the RLA bars Simmons ability to recover on her fair representation claims, the Court **GRANTS**

Defendants' Motion for Summary Judgment and **DISMISSES** all of Simmons' claims against

Defendants TWU International and TWU Local 565.

**SO ORDERED.**

**DATED** October 25, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE